UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOT EVANS,   Case no. 11-14302

    Plaintiff,   Hon. John Corbett O'Meara

v.

NATIR, LLC, a Michigan Limited
Liability Company, DARNELL FUQUA,
an individual, DARREL KELSOE, and XYZ
COMPANY, jointly and severally,

    Defendants.

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE AS TO WHY A PRELIMINARY INJUNCTION SHOULD NOT ENTER PURSUANT TO FED. R. CIV. P. 65

The above-named case has come before the Court upon the application of Plaintiff, Scot Evans, for a Temporary Restraining Order and Motion for Preliminary Injunction Pursuant to Fed. R. Civ. P. 65. The Court has read and considered the Complaint, Plaintiff's Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Fed. R. Civ. P. 65 and has conducted a hearing upon same and has reviewed the Affidavit submitted on behalf of Plaintiff as to the service effectuated upon the Defendants prior to the Court's Hearing on October 12, 2011 and is otherwise fully advised in the premises:

WHEREFORE, IT IS ORDERED AS FOLLOWS:

A.     Plaintiff's Motion for a Temporary Restraining Order is hereby granted.

B.     A Hearing will be held by the Court at the United States District Court for the Eastern District of Michigan, in Ann Arbor, Michigan, before the Honorable John Corbett O'Meara on **October 26, 2011 at 10:30 a.m.**, wherein Defendants shall appear to show cause as to why a Preliminary Injunction should not be entered. Defendants' failure to

appear for the hearing on **October 26, 2011 at 10:30 a.m.** shall result in the Court entering a Preliminary Injunction, which shall remain in force and effect until further Order of the Court.

C. Defendants are immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of Defendant Natir, LLC, until further order of this court, from doing any of the following:

1. Dispersing, expending, investing, trading or otherwise disposing of any standby letter of credit issued by The Suisse Bank or any other foreign banking institution or private lender, including but not limited to the Suisse Bank standby letter of credit with a face value of Five Million ($5,000,000.00) Dollars reference number SBSCLC/100512/1.

2. Dispersing, expending, investing, trading or otherwise disposing of any funds provided to Defendants by Plaintiff at any time.

3. Destroying, altering or otherwise modifying any documentation substantiating issuance of standby letters of credit or which pertain to the issuance of lines of credit from any foreign banking institutions or private lenders.

4. Transferring or disposing of any funds held in any accounts in the names of the Defendants or which are under the Defendants' possession or control, including but not limited to Natir, LLC's Chase Bank account 796561256.

D. By order of this Court, the Chase Bank Account numbered #796561256 is hereby deemed frozen and this Order shall be served upon Chase Bank who upon receipt of Notice of the entry of this Order shall freeze and hold any amounts held in the aforementioned account until further order of the Court.

E. Within 48 hours of being served with a copy of this Order, the Defendants shall produce to Plaintiff's counsel at Plaintiff's counsel's office at 37000 Grand River Avenue, Ste. 350, Farmington Hills, Michigan, the original Suisse Bank standby letter of credit with a face value of $5,000,000.00 reference number SBSCLC/100512/1 referenced in

   Defendants February, 2011 correspondence found as an attachment to Plaintiff's Affidavit at <u>Exhibit B</u> of Plaintiffs' Motion for Temporary Restraining Order, to be held in escrow by Plaintiff's counsel until further order of the Court, or if Defendants claim that an original cannot be produced, a certified copy of same shall be produced to Plaintiff's counsel within the time frame set herein and Defendants shall appear before the Court on October 26, 2011 at 10:30 a.m. to show cause as to why said original letter of credit cannot be produced.

F. Within 48 hours of being served with a copy of this Order, Defendants shall provide copies of all books and accounting records or records of any kind that demonstrate the receipt of and any disbursement of the $460,000 provided by Plaintiff to Defendants in February, 2010 and produce any and all standby letters of credit which were secured or obtained with any portion of Plaintiff's $460,000.00, irrespective of whether the standby letters of credit were obtained from a foreign banking institution or a private lender to Plaintiff's counsel at Plaintiff's counsel's office at 37000 Grand River Avenue, Ste. 350, Farmington Hills, Michigan, or appear on October 26, 2011 at 10:30 a.m. to show cause as to why same cannot be produced.

Date: October 14, 2011             s/John Corbett O'Meara
                              United States District Judge